NO. 07-10-0366-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 MARCH 30, 2011

 ______________________________

 DAVID ANASTACIO MARQUEZ, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

 NO. A17778-0809; HONORABLE ROBERT W. KINKAID, JR., JUDGE

 _______________________________

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.

 DISSENTING OPINION

 The majority finds that Appellant's prior plea agreement and plea are
evidence of his financial ability to pay $337.50 of the $637.50 in court-
appointed attorney's fees. I respectfully disagree.

 Contracting to pay a debt and having the actual ability to pay a debt
are two entirely different concepts. Our jurisprudence is replete with
examples of people who contracted to pay a debt but were unable to fulfill
that obligation.

 Furthermore, the determination of an ability to pay must be made at
the time of the assessment. The ability to pay at some past or future
point in time is no evidence of Appellant's present ability to pay. Tex.
Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). Because I would
reform the judgment to find no attorney's fees were properly assessable, I
respectfully dissent.

 Patrick A. Pirtle
 Justice

Do not publish.